# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Jared Moss,

    Plaintiff

v.

James E. Dzurenda, et al.,

    Defendants

Case No.: 2:18-cv-00428-JAD-CWH

**Order Dismissing Action**

[ECF Nos. 3, 8]

    Plaintiff Jared Moss brings this civil-rights case under § 1983 for events he alleges occurred during his incarceration at High Desert State Prison ("HDSP").[1] On October 19, 2018, the Court directed Moss to file a fully completed application to proceed *in forma pauperis* by a non-prisoner or pay the $400 filing fee because Moss is no longer incarcerated.[2] The Court expressly warned him that his failure to file the completed application or pay the filing fee within 30 days from the date of that order would result in the dismissal with prejudice of this case.[3] The deadline has passed, and Moss has not responded to the Court's order.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[4] A court may dismiss an action with prejudice based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[5] In determining whether to

---

[1] ECF No. 5 (complaint).

[2] ECF No. 18 (order).

[3] *Id.*

[4] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The fourth factor is greatly outweighed by the factors in favor of dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[8] Moss was warned that his case would be dismissed if he failed to pay the fee or submit a completed application within 30 days.[6] So, Moss had adequate warning that his failure to pay the fee or submit a completed application would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that **this action is DISMISSED** with prejudice based on Moss's failure to pay the fee or submit a completed application in compliance with this Court's October 19, 2018, order;

All outstanding motions **(ECF Nos. 3, 8) are DENIED** as moot; and

---

1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

[6] ECF No. 18 (order).

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: November 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey